IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALLAN ESAU ESQUIVEL BARNICA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-74-RP |
| | § | |
| KRISTI NOEM, *in her official capacity as Secretary of the United States Department of Homeland Security*, et al., | § | |
| | § | |
| | § | |
| | § | |
| Respondents. | § | |

# **ORDER**

Before the Court is Petitioner Allan Esau Esquivel Barnica's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), and Respondent's[1] Response, (Dkt. 4). In their Response, Respondents assert that "Petitioner is subject to mandatory detention under the Laken Riley Act due to the burglary charge, notwithstanding its subsequent dismissal," though Respondents otherwise discuss Petitioner as subject to detention under 8 U.S.C. § 1225(b)(1). (Resp., Dkt. 4, at 2, 3–4).

The Court had previously indicated that Petitioner could choose to not file a reply to Respondents' Response and that the Court would, in such a case, rule on the available briefing. (Order to Show Cause, Dkt. 3, at 3). However, because Petitioner does not appear to discuss the application of the Laken Riley Act in his Petition, the Court will order Petitioner to file a reply discussing whether 8 U.S.C. § 1225(c)(1)(E), the provision identified by Respondents, applies to Petitioner in this case.

Therefore, **IT IS ORDERED** that Petitioner shall file a reply **on or before January 24, 2026**, discussing the specific issue of the Laken Riley Act's application to Petitioner. Petitioner may,

---

[1] The Response was filed only on behalf of the federal employees in the action.

1

of course, also address any other issues raised in Respondent's Response, as he determines appropriate. As noted before, the Court will not plan to set a hearing on this matter at this time, but the Court will now extend the time for either party to request a hearing in light of this new issue through **January 22, 2026**. Failure to request a hearing will constitute waiver of the opportunity for a hearing under § 2243. The Court remains amenable to ruling on the papers if the parties waive a hearing.

**SIGNED** on January 21, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE