IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALLAN ESAU ESQUIVEL BARNICA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-74-RP |
| | § | |
| KRISTI NOEM, *in her official capacity as* | § | |
| *Secretary of the United States Department of* | § | |
| *Homeland Security*, et al., | § | |
| | § | |
| Respondents. | § | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Allan Esau Esquivel Barnica's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on January 13, 2026. (Dkt. 1). On January 15, 2026, pursuant to 28 U.S.C. § 2243, the Court ordered Respondents to show cause as to why the Petition should not be granted. (Dkt. 3). On January 20, 2026, Respondents Pamela Bondi, Kristi Noem, and Miguel Vergara[1] (together, "Respondents") timely filed a response in opposition. (Dkt. 4). The Court ordered Petitioner to file a reply, (Dkt 5), and Petitioner filed his Reply on January 22, 2026, (Dkt. 6). Having considered the parties' arguments, the evidence presented, and the relevant law, the Court will grant Petitioner's Petition for Writ of Habeas Corpus.

### I. BACKGROUND

Petitioner is detained at the T. Don Hutto Detention Center located in Taylor, Texas. (Pet., Dkt. 1, at 2). Petitioner is a native and citizen of Honduras who entered the United States in June 2022. (*Id.*, at 1; Notice to Appear, Dkt. 4-1, at 1). At that time, he was apparently apprehended, issued a Notice to Appear ("NTA"), and released on his own recognizance. (Resp., Dkt. 4, at 2;

---

[1] All individual respondents were sued in their official capacities. The Response is filed only on behalf of the federal employees in this action. (Dkt. 4, at 1 n.1).

Reply, Dkt. 6, at 2). Petitioner has since resided in the United States. (Pet., Dkt. 1, at 2). In July 2025, Petitioner was arrested on an aggravated assault charge, which was dismissed on October 30, 2025. (*Id.* at 4). In November 2025, Petitioner was arrested on charges of possession of marijuana and burglary of vehicles under Texas Penal Code § 30.04; the burglary of vehicle charge was dismissed in a plea deal, and Petitioner plead guilty to the possession charge. (Resp., Dkt. 6, at 2). After his release from jail, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") and has been held without bond since. (Pet., Dkt. 1, at 4).

Petitioner challenges his detention through a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner brings claims that his ongoing detention without bond is unlawful in violation of his Fifth Amendment Due Process rights, the Immigration and Nationality Act ("INA"), federal court orders, and the Department of Homeland Security ("DHS") bond regulations. (Pet., Dkt. 1, at 4−5).

## II. DISCUSSION

### A. Subject Matter Jurisdiction

Respondents argue that because Petitioner challenges his detention pending removal proceedings, this Court is stripped of jurisdiction to review his challenge under the jurisdiction stripping provisions of the INA. They assert 8 U.S.C §§ 1252(b)(4),[2] (b)(9), and (g) as potential bars to this Court's jurisdiction. (Resp., Dkt. 4, at 7–8). The Court evaluates each in turn.

First, 8 U.S.C. § 1252(b)(9) channels "[j]udicial review of all questions of law . . . including interpretation of constitutional and statutory provisions, arising from any action taken . . . to remove

---

[2] Respondents cite 8 U.S.C. § 1225(b)(4) for the proposition that "even if the alien claims [he] is not appropriately categorized as an applicant for admission subject to § 1225(b), such a challenge must be raised before an immigration judge in removal proceedings." (Resp., Dkt. 4, at 8). Section 1225(b)(4) deals with the ability of an immigration officer to challenge another immigration officer's favorable admission decision and appears to have no relation to the question before the Court here; the Court presumes that Respondents intended to refer to 8 U.S.C. § 1252(b)(4), which discussed the scope and standard of review for orders of removal, and will rule on that basis and refer to § 1252(b)(4) in this opinion. However, if Respondents intended to refer to § 1225(b)(4) as a jurisdictional bar to Petitioner's claims, the Court finds nothing in that subsection that bars its jurisdiction here.

an alien from the United States" to the appropriate federal court of appeals—here, the Fifth Circuit. However, the Supreme Court has indicated that where a Petitioner is not "asking for review of an order of removal," "challenging the decision to detain them in the first place or seek removal," or "challenging any part of the process by which their removability will be determined," § 1252(b)(9) is not a jurisdictional bar. *Nielsen v. Preap*, 586 U.S. 392, 402 (2019). Petitioner's challenge to his continued detention without bond as unlawful under the INA, APA, and U.S. Constitution does not fall into any of those categories. *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) ("§ 1252(b)(9) does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined."). Rather than challenging his removal proceedings, Petitioner challenges the lawfulness of his detention without bond during the pendency of his removal proceedings. Thus, § 1252(b)(9) poses no bar.

Second, to the extent that Respondents invoke § 1252(b)(4), that section fails to assert a valid jurisdictional bar for the same reasons. Under 8 U.S.C. § 1252, titled "Judicial Review of Orders of Removal," Subsection (a)(1) indicates that "[j]udicial review of a final order of removal . . . is governed only by chapter 158 of Title 28, except as provided in subsection (b)." *See* 8 U.S.C. § 1252(a)(1). Section 1252(b) generally, and (b)(4) specifically, elaborates on "requirements for review of orders of removal" as set forth in Subsection (a)(1). Because Petitioner does not assert a challenge to an order of removal, nothing in that subsection bars Petitioner from seeking relief from his continued detention in this case.

Third, 8 U.S.C. § 1252(g)—unless other laws provide jurisdiction—strips all courts of jurisdiction to hear "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). However, as interpreted by the

3

Supreme Court, this Section applies "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original). Thus, § 1252(g) does not apply to all claims with any relationship to deportation proceedings. Because Petitioner challenges the lawfulness of his continued detention during the pendency of his removal proceedings, it is not a challenge to one of the "three discrete events along the road to deportation" to which § 1252(g) applies. *Reno*, 525 U.S. at 482. As such, Respondents cannot assert a jurisdictional bar to the instant petition.[3]

## B. Petitioner's Petition for Writ of Habeas Corpus

Early in their Response, Respondents assert that "[t]he Court should note that Petitioner is subject to mandatory detention under the Laken Riley Act due to the burglary charge, notwithstanding its subsequent dismissal." (Resp., Dkt. 4, at 2). However, despite alleging that Petitioner is "subject to" detention under the Laken Riley Act, § 1226(c)(1)(E), Respondents flatly assert that "Petitioner is Detained Under § 1225(b)(1)" and that "As Applied to Petitioner, § 1225 Comports with Due Process"—in other words, Respondents address Petitioner's detention under § 1225 throughout their Response. (*Id.* at 3–10).

Importantly, "Sections 1225 and 1226 are 'mutually exclusive—a noncitizen cannot be subject to both mandatory detention under § 1225 and discretionary detention under § 1226.'" *Rodriguez-Acurio v. Almodovar*, No. 2:25-CV-6065 (NJC), 2025 WL 3314420, at *24 (E.D.N.Y. Nov. 28, 2025) (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 485 (S.D.N.Y. 2025). The court in

---

[3] The Court also notes that, to the extent an administrative exhaustion requirement would normally apply in this situation, "[b]ecause Respondents argue the detention of Petitioner is mandatory, claiming no one, including the [immigration judge], can review the detention issue, any attempt to require Petitioner to exhaust any administrative remedies [would be] futile." *See Lorenzo C. P., v. Noem*, No. 1:25-CV-181, 2025 WL 3684859, at *5 (S.D. Tex. Oct. 31, 2025); *see also Shi v. Lyons*, No. 1:25-CV-274, -- F. Supp. 3d --, 2025 WL 3637288, at *4 n.6 (S.D. Tex. Dec. 12, 2025) (holding that administrative exhaustion would be futile in light of *Matter of Yajure Hurtado*).

*Lopez Benitez* noted that this is "a point that Respondents [in *Lopez Benitez*] conceded"—respondents who included U.S. Attorney General Pam Bondi and U.S. Secretary of Homeland Security Kristi Noem, also named as Respondents here.

As a result, given that Respondents directly state that Petitioner is detained under § 1225(b)(1), the Court cannot treat him as simultaneously detained under § 1226—and therefore discussion of the Laken Riley Act's hypothetical application to individuals in Petitioner's situation is irrelevant. Instead, the question before the Court is whether Petitioner is properly detained subject to § 1225, the detention authority that Respondents actually assert. For the reasons discussed below, the Court concludes that he is not.

The relevant section, 8 U.S.C. § 1225(b)(1), mandates detention for noncitizens "arriving in the United States" or present in the United States for less than two years, if removable under certain other INA provisions. (Resp., Dkt. 4, at 3–4); 8 U.S.C. § 1225(b)(1). In asserting § 1225(b)(1) as the authority for Petitioner's current detention, Respondents seek to tie Petitioner's current detention back to his original entry into the country and apprehension. (*Id.*). Respondents do not address Petitioner's multiple-year residence in the United States after being released in 2021, but instead simply argue that he "was an application for admission at the time [he] was initially apprehended." (Resp., Dkt. 4, at 5).

However, even as Respondents assert that Petitioner is subject to § 1225, they also concede that in 2022, DHS released Petitioner on his own recognizance under 8 U.S.C. § 1226 (INA § 236). (Resp., Dkt. 4, at 1, 3, 5). Release under § 1226—the INA's discretionary detention provision—is not available to individuals who are subject to mandatory detention under § 1225. *See Jennings v. Rodriguez*, 583 U.S. 281, 283 (2018) ("There is also a specific provision authorizing temporary parole from § 1225(b) detention 'for urgent humanitarian reasons or significant public benefit,' § 1182(d)(5)(A) . . . That express exception implies that there are no other circumstances under

which aliens detained under § 1225(b) may be released."). DHS has therefore already treated Petitioner as *not* subject to § 1225, having released him under § 1226. Because DHS has previously treated Respondent as not subject to § 1225, Respondents' current arguments that Petitioner is and has always been subject to that section are unconvincing.

Nor does the distinction between § 1225(b)(1) and (b)(2) that Respondents raise change this analysis. (*See* Resp., Dkt. 4, at 2–4). First, as noted above, Petitioner's 2021 release cannot be squared with either provision of § 1225. *See Jennings*, 583 U.S. at 283. Second, as other courts have discussed in detail, § 1225(b)(1) on its face does not apply to individuals in Petitioner's position:

> Section 1225(b)(1) requires detention of two categories of noncitizens who are subject to expedited removal: (a) "arriving" aliens and (b) aliens who have not "been physically present in the United States continuously for the 2-year period immediately prior to" being determined inadmissible under subparagraph (b). Through § 1225(b)(1)(A), subparagraph (b) identifies only two bases for determining the noncitizen to be inadmissible—8 U.S.C. § 1182(a)(6)(C) (discussing aliens who seek admission by fraud or willful misrepresentation) and 8 U.S.C. § 1182(a)(7) (discussing required documentation for admission of immigrants and nonimmigrants).

*Diaz Perez v. Thompson*, No. 5:25-CV-1664-JKP, 2025 WL 3654333, at *5 (W.D. Tex. Dec. 15, 2025). Here, Petitioner is not "arriving" because he was released and has been present in the United States since 2022. Respondents have not indicated the date of a finding of inadmissibility for Petitioner, nor addressed a finding of inadmissibility in any way. However, even presuming Petitioner was found inadmissible when he first entered the United States, Petitioner's NTA charges him as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (INA § 212(a)(6)(A)(i)), not one of the provisions covered by § 1225(b)(1)(A). (NTA, Dkt. 1-4).

Based both on DHS's prior treatment of Petitioner and the plain language of the INA, Petitioner is clearly not subject to § 1225(b). Because that is the authority that Respondents assert Petitioner is being "[d]etained under," (Resp., Dkt. 4, at 3), the Court concludes that Petitioner is unlawfully detained under the asserted detention authority. Having determined that Petitioner's detention is unlawful under the statute, the Court does not reach his constitutional or regulatory

claims, nor his claims based on the judgment in *Maldonado Bautista v. Noem*, 5:25-cv-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025).

## III. CONCLUSION

The foregoing order constitutes the Court's findings of fact and conclusions of law. For the reasons discussed above, **IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **GRANTED** as follows. All other requested relief is **DENIED**.

1. Upon receipt of this order, Respondents shall <u>immediately</u> release Petitioner from custody;

2. Respondents shall release Petitioner under conditions no more restrictive than those in place prior to the detention at issue in this case;

3. As soon as is practicable, and no less than two hours before release, respondents shall notify Petitioner's counsel by email[4] of the exact location and time of Petitioner's release;

4. Respondents are enjoined from further detaining Petitioner under the asserted detention authority, 8 U.S.C. § 1225.

**IT IS FURTHER ORDERED** that Respondents shall provide a status report on **or before January 26, 2026**, detailing their compliance with this Order.

**SIGNED** on January 23, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[4] Patricio Garza Izaguirre, patricio@garzanarvaez.com.